FELICES, PETICIONARIA Y APELADA, *v.* FELICES, OPOSITOR Y APELANTE.

No. 3506.—*Resuelto:* Febrero 6, 1925.

APELACIÓN; NOTIFICACIÓN DE—PARTES NECESARIAS—DESESTIMACIÓN DE APELACIÓN.—Cuando un heredero apela una orden rehusando el sobreseimiento de la petición que hicieran otros herederos para que se nombre administrador judicial de la herencia, la omisión de notificar la apelación a todos los herederos es motivo de desestimación.

ID.—ID.—Pedida en 10 de diciembre la desestimación de una apelación entablada en diciembre 1º. contra una orden de 15 de noviembre anterior, por no haberse notificado el recurso a todos los herederos, el defecto no se subsana notificando a todos una nueva apelación entablada en 30 de diciembre contra una orden que no varió substancialmente la orden apelada de 15 de noviembre, y menos cuando la segunda apelación fué entablada fuera de tiempo.

MOCIÓN sobre desestimación de apelación. *Con lugar.*

*A. Sarmiento,* abogado del apelante; *R. Sancho Bonet* y *R. Rivera Zayas,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 10 de diciembre último se archivó una moción solicitando la desestimación del recurso interpuesto en este caso,

porque el escrito de apelación no se notificó a todas las partes interesadas y porque la resolución recurrida no era apelable.

Debido a haberse impugnado la certeza de los hechos alegados, se presentó el 23 de enero último una transcripción completa de los autos certificada por el secretario de la corte de distrito. De ella resulta que solicitada la administración judicial de los bienes dejados a su fallecimiento por Felices por uno de sus herederos, la Sra. Antonina V. Felices, se citó a los otros y, después de varios incidentes, Apelio Felices, por medio de su abogado Sarmiento, pidió que se sobreseyera el caso y se archivara por no haber sido iniciado por persona autorizada para ello, de acuerdo con el art. 23 de la Ley de Procedimientos Legales Especiales (Comp. sec. 1562).

El 10 de octubre de 1924, día señalado para la vista sobre el nombramiento de administrador, se discutió también la indicada petición de sobreseimiento y el 24 del propio octubre aparece dictada una orden en cuyos por cuantos se hace referencia a lo ocurrido, limitándose el juez a declarar contencioso el expediente.

Así las cosas, el 29 de octubre la peticionaria, representada por su abogado Sancho Bonet, unida a otros herederos representados por el letrado Rivera Zayas, expuso en una moción las dificultades que surgían, debido a la actitud asumida por Apelio Felices, para llegar a un acuerdo en la designación de una persona para que fuera nombrada administrador, y pidió a la corte que en uso de sus facultades escogiera ella misma la persona.

En 31 de octubre la peticionaria unida de igual modo a los otros herederos indicados solicitó la reconsideración de la orden dictada el 24 del propio mes, y, oídos los interesados, la corte, el 15 de noviembre siguiente, decidió, 1, negar la reconsideración, 2, desestimar la moción de Apelio Felices pidiendo el sobreseimiento, 3, conceder al dicho Apelio Felices diez días para que formulara su contestación.

En 22 de noviembre, Apelio Felices pidió a la corte que ampliara su resolución del día 15 en el sentido de que el término para contestar comenzaría a correr a partir de la fecha en que se le entregara una copia de la petición inicial. El mismo día 22 Apelio Felices recibió la copia y el 1 de diciembre siguiente la corte aclaró su orden en el sentido de que el término concedido comenzara a contarse a partir del 22 de noviembre de 1924.

Así las cosas, el 1 de diciembre de 1924 aparece radicado el escrito interponiendo la apelación cuya desestimación se pidió el día 10 del indicado mes. Tal escrito sólo fué notificado al abogado Sancho Bonet.

Luego aparece de los autos otro escrito de apelación fechado el 30 de diciembre de 1924, notificado a los abogados Sancho Bonet y Rivera Zayas.

Expuestos los hechos, veamos si procede o nó la desestimación del recurso.

La contención del apelante de que esta corte no tiene jurisdicción para resolver la cuestión planteada, carece de mérito. Interpuesto el recurso adquiere esta corte jurisdicción para conocer del mismo en su fondo, si la apelación es procedente y ha sido debidamente establecida, o para desestimarlo, si la apelación no es procedente o no se ha interpuesto de acuerdo con la ley.

El escrito de apelación de 1 de diciembre de 1924 no se notificó a varias de las partes realmente interesadas, esto es, a los herederos representados por el letrado Rivera Zayas, que tenían igual interés que la peticionaria, y siendo ello así, aplicada la ley y la jurisprudencia, la desestimación solicitada claramente procede por tal motivo.

Sostiene el apelante que el defecto quedó subsanado por su nuevo escrito de 30 de diciembre, notificado a todos los otros herederos. No estamos conformes. Aún suponiendo que se hubiera apelado en tiempo, siempre habría que concluir que se trataba de una nueva apelación, y aquí se solicitó el 10 de diciembre la desestimación del recurso inter-

puesto el día primero de ese mes. El nuevo escrito se archivó veinte días después de la moción de desestimación.

Además y a fin de que este asunto pueda quedar definitivamente terminado, diremos que es evidente que la segunda apelación se interpuso fuera del término de treinta días que fija la ley, y es por tanto baldía. La orden apelada es la de 15 de noviembre de 1924. El primero de diciembre siguiente lo único que hizo el juez fué acceder a la petición del propio apelante con respecto a la fijación de un término. La naturaleza de la orden en nada varió. No hubo alteración esencial alguna.

*La moción de desestimación debe, pues, declararse con lugar,* sin que sea necesario entrar a discutir y a resolver si la orden de que se trata era o nó apelable.